IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC,
doing business as GCR Tires and Service, a
Delaware corporation,

       Plaintiff,

v.                          CIVIL ACTION NO. 1:21CV14
                                    (KLEEH)

PRISTINE CLEAN ENERGY, LLC, a West Virginia
Limited liability company, and
WILLIAM K. ABRAHAM
its personal guarantor,

       Defendants.

MEMORANDUM OPINION AND ORDER
GRANTING MOTION FOR SUMMARY JUDGMENT [ECF NO. 18]

Pending before the Court is Plaintiff Bridgestone Americas Tire Operations, LLC d/b/a GCR Tires and Service's Motion for Summary Judgment [ECF No. 18]. For the reasons discussed below, the Court grants the motion.

## I.   PROCEDURAL HISTORY AND FACTUAL BACKGROUND

On January 28, 2021, Plaintiff Bridgestone Americas Tire Operations, LLC d/b/a GCR Tires and Service ("Plaintiff") filed a complaint against Defendants Pristine Clean Energy, LLC ("Pristine") and William K. Abraham ("Abraham") (together, "Defendants") alleging breach of contract, unjust enrichment, and damages in the amount of $499,224.82. Compl., ECF No. 1. Plaintiff asserts between September 12, 2019, and June 30, 2020, Pristine

purchased products from Plaintiff for $446,912.86 and incurred $52,311.96 in service charges. Id. at ¶ 7. Abraham is the personal guarantor of Pristine's debt to Plaintiff. Id. at ¶ 9. To date, Pristine has not paid Plaintiff and owes Plaintiff $499,224.82. Id. at ¶ 8. Defendants timely answered the complaint on February 25, 2021. ECF Nos. 7, 9. The Court entered a First Order and Notice, the parties submitted a Rule 26(f) Report, and the Scheduling Order was entered thereafter. ECF Nos. 10, 13, 14. Discovery ensued. Plaintiff moves for summary judgment against Defendants, arguing that it is entitled to judgment as a matter of law because Defendants failed to respond to Plaintiff's requests for admission. ECF No. 18. Defendants have not filed a responsive brief. Plaintiff further moved for entry of an order granting the motion for summary judgment in part because of Defendants' failure to respond. ECF No. 21. The matter is ripe for review.

## II.  STANDARD OF REVIEW

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION FOR SUMMARY JUDGMENT [ECF NO. 18]**

it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The nonmoving party must "make a sufficient showing on an essential element of its case with respect to which it has the burden of proof." Id. at 317–18. Summary judgment is proper "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there [being] no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

This Court has previously summarized the burden imposed on parties opposing a summary judgment challenge.

> However, as the United States Supreme Court noted in Anderson, "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." Id. at 256. "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial-whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250; see also Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979) (Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law." (citing Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950)).

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION FOR SUMMARY JUDGMENT [ECF NO. 18]**

> In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Additionally, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." Id. at 586. That is, once the movant has met its burden to show absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence demonstrating there is indeed a genuine issue for trial. Fed. R. Civ. P. 56(c); Celotex Corp., 477 U.S. at 323–25; Anderson, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249 (citations omitted).

Watson v. Warden, FCI Hazelton, Civil Action No. 2:16-CV-76, 2017 WL 1955532, at *2 (N.D.W. Va. May 11, 2017) (Bailey, J.). The Court views the evidence in the light most favorable to Defendants, the non-moving parties, and draws any reasonable inferences in Defendants' favor. See Fed. R. Civ. P. 56(a); see Henry v. Purnell, 652 F.3d 524, 531 (4th Cir. 2011) (en banc). The burden imposed on parties' resisting a summary judgment challenge have been made clear; however, a party seeking summary judgment is not automatically entitled to such relief if a non-movant fails to respond.

> Section (c) of Rule 56 requires that the moving party establish, in addition to the absence of a dispute over any material fact, that it is "entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Although the failure of a party to respond to a summary

4

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION FOR SUMMARY JUDGMENT [ECF NO. 18]**

> judgment motion may leave uncontroverted those
> facts established by the motion, the moving
> party must still show that the uncontroverted
> facts entitle the party to "a judgment as a
> matter of law." The failure to respond to the
> motion does not automatically accomplish this.
> Thus, the court, in considering a motion for
> summary judgment, must review the motion, even
> if unopposed, and determine from what it has
> before it whether the moving party is entitled
> to summary judgment as a matter of law. This
> duty of the court is restated in section (e)
> of the rule, providing, "if the adverse party
> does not so respond, summary judgment, if
> appropriate, shall be entered against the
> adverse party." Fed. R. Civ. P. 56(e)
> (emphasis added).

Custer v. Pan Am. Life Ins. Co., 12 F.3d 410, 416 (4th Cir. 1993)

Rule 36 of the Federal Rules of Civil Procedure governs the scope and procedure for discovery requests. Rule 36(a)(3) provides, in part, "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). "It is well established that failure to respond to requests for admission is deemed to be an admission of the matters set forth." Weva Oil Corp. v. Belco Petroleum Corp., 68 F.R.D. 663, 666 (N.D.W. Va. 1975) (internal citations omitted).


### III. DISCUSSION

In its Motion for Summary Judgment, Plaintiff argues there are no genuine issues of material fact and it is entitled to

judgment as a matter of law because Defendants failed to respond to Plaintiff's requests for admission which establish a breach and damages owed by Pristine, or Pristine's guarantor, Abraham. ECF No. 18.

On May 5, 2021, Plaintiff served its First Set of Requests for Admission, Interrogatories, and Requests for Production of Documents to Pristine Clean Energy, LLC. ECF No. 17. By telephone on or about May 19, 2021, counsel for Defendants confirmed receipt of Plaintiff's requests for admission. ECF No. 18. The requests are unanswered. Rule 36(a)(3) specifically provides that "a matter is admitted" if no response or objection is made. Fed. R. Civ. P. 36(a)(3). The Federal Rules of Civil Procedure are neither suggestions nor invitations to participate. Failure to abide has consequences. Therefore, Defendants have specifically admitted that (1) Pristine purchased merchandise from Plaintiff between September 12, 2019 and June 30, 2020 for a total amount of $446,912.86; (2) Pristine incurred service charges from Plaintiff during the same time period totaling $52,311.96; (3) Pristine has not paid Plaintiff $499,224.82 for the merchandise and service charges and it owes Plaintiff this amount in full; and (4) Abraham is Pristine's guarantor of the debt and he is personally liable to Plaintiff for the entire amount. ECF No. 18 at 6.

The Court has carefully considered the record before it. See Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 409 n.8 (4th

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION FOR SUMMARY JUDGMENT [ECF NO. 18]**

Cir. 2010).  Because Defendants are deemed to have admitted to liability and damages, no genuine issue of material fact exists, and Plaintiff has demonstrated it is entitled to judgment as a matter of law. The Court hereby **ENTERS SUMMARY JUDGMENT** for Plaintiff on the Complaint against Defendants, jointly and severally, in the total amount of $499,224.82.

## IV.  CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiff's Motion for Summary Judgment. ECF No. 18. Plaintiff's Motion for Entry of Order Granting Motion for Summary Judgment is **GRANTED** as **MOOT.** ECF No. 21. The Clerk is **DIRECTED** to enter judgment where appropriate under this Order. This action is hereby **DISMISSED AND STRICKEN** from the Court's docket.

It is so **ORDERED.**

The Court **DIRECTS** the Clerk to transmit copies of this Order to counsel of record.

**DATED:** October 15, 2021

_/s/_ Thomas S. Kleeh
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE